## Spring Garden Township's Annexation.

*Municipalities — Cities of the third class — Townships — Annexation— Signers of petition for annexation—Amendment of the petition.*

1. The Act of July 11, 1923, P. L. 1047, providing for the annexation of parts of townships, etc., to cities of the third class, requires that the petition praying for annexation shall be subscribed within three months immediately preceding its presentation to court; but it does not require that the petition shall contain an averment that it was so subscribed.

2. Where a petition praying for the annexation of a part of a township to a city of the third class does not contain an averment that the petition was subscribed within three months immediately preceding its presentation to court and has thereto attached a plot showing the part of the township desired to be annexed, with the metes and bounds indicated by courses and distances noted in Arabic figures and surveyors' symbols, and having abbreviations for "street" and "avenue," without giving the metes and bounds in letters and words, an amendment showing that the petition was signed within three months prior to its presentation, and giving, in letters and figures, the metes and bounds of the portion of the township intended to be annexed, will be allowed.

3. The Act of July 11, 1923, P. L. 1047, requires that the petition for annexation shall be signed by 25 per centum of the persons residing in the territory desired to be annexed who are both taxable inhabitants and freeholders; and it does not require the petition to be signed by 25 per centum of the taxable inhabitants, or of the total number of taxable inhabitants residing within the whole ward of the township of which a part is intended to be annexed.

Objections to petition for annexation of part of Spring Garden Township to the City of York, and motion to amend said petition. Q. S. York Co.

*Jacob E. Weaver*, for petition and motion to amend; *Michael S. Niles*, contra.

STOCK, J.—Certain taxable inhabitants who are freeholders residing within a certain part of the Township of Spring Garden presented their petition to this court on Aug. 1, 1927, expressing their desire for the annexation of that part of said township to the City of York. On the same day, an order was made providing for the publication and service of notice of the filing of said petition.

The petition set forth the following averments:

"1. That they are *bona fide* residents, taxable inhabitants and freeholders of that part of the third district of Spring Garden Township, York County, Pa., as designated upon a draft hereto attached and made part hereof.

"2. That your petitioners are in excess of twenty-five per centum of the taxable inhabitants and resident freeholders of the territory, as set forth in the draft hereto attached and made part hereof, being a portion of the third district of said Spring Garden Township, York County, Pa.

"3. That said portion of the third district of said Spring Garden Township is adjacent to and contiguous to the City of York, a city of the third class in the State of Pennsylvania.

"4. That your petitioners desire annexation of that portion of the third district of said Spring Garden Township as lies within the confines of the draft hereto attached, with the City of York, Pa."

It is verified by three of the petitioners, who made affidavit that the facts set forth in said petition are true and correct, and "that the signatures to said petition represent at least twenty-five per centum of the *bona fide* residents and taxable inhabitants who are freeholders in that part of Spring Garden Township, York County, Pa., as shown by the draft hereto attached." Attached to the petition is a draft of the part of the township of Spring Garden proposed to be annexed, describing its boundaries by metes and bounds.

The Township of Spring Garden, through its solicitor, presented its motion on Aug. 15, 1927, asking for the revocation of the order made Aug. 1st on said petition and assigning as reasons therefor (1) that the petition does not show that it had been signed by the subscribers thereto within three months immediately preceding its presentation; (2) that a description by metes and bounds of the part of the township proposed to be annexed was not attached to the petition; (3) "that it was not signed by at least twenty-five per centum of the taxable inhabitants, as shown by the assessor's list for the last preceding assessment;" and (4) that the advertisement made under said order is not sufficient. At the time of the argument it was conceded that the fourth objection could not be raised at this time.

At the argument, petitioners presented an amended affidavit, executed by three of their number, containing two additional averments, (1) a description by metes and bounds, in words, of the part of the township proposed to be annexed, and (2) an averment that the "petition was subscribed by the persons whose names are appended thereto within three months immediately preceding its presentation to said court." Petitioners moved to file this amendment. This was objected to by the solicitor for the township. The allowance of this amendment would cure the defects in the petition, if such existed, as are complained of in the first two objections raised by the township.

This procedure is under the Act of July 11, 1923, P. L. 1047. This act does not require an averment in the petition that the subscribers had signed within three months immediately preceding its presentation. It is not contended by the township that the signatures were not so procured within that time limit. The objection is only that the petition does not contain an averment to that effect. The allowance of the amendment averring signing within three months would, in the absence of a denial of this fact, establish it as a fact for the purpose of this proceeding.

In the petition for the annexation of the Borough of Sheraden to the City of Pittsburgh, there was no distinct averment as to the time of the signing except that the signatures were affixed "since the first day of June, 1906." It does not appear in the opinion when the petition was filed, but it is to be presumed that this date was within the period of three months required by the act, and it is held that this was a sufficient averment of the time of signing. The Superior Court, however, indicated in this case that this act should be liberally construed, and where the petition lacked an averment of contiguity of the borough to the city and an averment that both municipalities were located in the same county, which averments were required by the statute, the lower court was permitted to supply these facts by taking judicial notice of them: Sheraden Borough, 34 Superior Ct. 639-645. The Sheraden Borough case arose under the Act of April 28, 1903, P. L. 332, which is a general act regulating annexation to any city, and has been repealed by the Act of 1923 in so far as it relates to annexation to cities of the third class. The language of the two acts and the provisions relative to averments in the petition are similar.

The second objection raised is based upon the provision in the last clause of section 1 of the Act of 1923: "There shall be attached a plot showing such portion, with a description by metes and bounds,"

The plot attached to the petition describes graphically the part of the township proposed to be annexed. The courses and distances are noted in Arabic figures and surveyors' symbols. The boundaries are noted in printed words. "St." and "Ave." are used as abbreviations of "street" and "avenue," respectively. The description on the plot is as complete as any that could be given in words, and contains all the information set forth in the proposed amend-

ment, except that the name Edgecombe does not appear on the plot to identify the avenue by that name. The proposed amendment gives the description by words. It supplies no new information, but would clarify that already given and meets the objection of the township that one untutored in reading surveyors' drafts might be unable to understand the description contained on the plot.

These first two objections are merely as to matters of form. It would seem proper to allow the amendment.

The third objection is made to a matter of substance. At the argument, counsel agreed to the following facts:

There were approximately 93 freeholders who were taxable inhabitants of the part of the township proposed to be annexed, as shown by the assessor's list for the last preceding assessment made in the year 1927; that 45 of these signed the petition for annexation.

There were 314 taxable inhabitants resident within the part of the township proposed to be annexed who were on the registry list of voters for the last preceding general election of the township, to wit, the general election held November, 1926; that 70 of these signed the petition.

That in the 3rd Ward of Spring Garden Township, in which ward the part of the township proposed to be annexed lies and is included, there were 553 taxable inhabitants, according to the registry list of voters for the last preceding general election of the township, held November, 1926.

The township maintains, first, that while the signers to the petition must possess both qualifications, (a) that of a freeholder, (b) that of a taxable inhabitant, the percentage is fixed by the number of those possessing the one qualification, that of taxable inhabitant. Carrying this construction to its logical conclusion, where the number of resident freeholders are less than 25 per centum of the number of taxable inhabitants, no annexation could be had under this act. The provision of the Act of 1923 regulating the number of signers is in the following language: "A petition, signed by at least twenty-five per centum of the taxable inhabitants, who shall be freeholders of the territory desiring annexation, shall be presented," etc.

It is clear that the number of petitioners is based upon the total number of those who possess both qualifications, to wit, that of freeholder and that of taxable inhabitant. It would, therefore, appear that the percentage is to be reckoned in the instant case on 93, and that the petition must be signed by at least 24 such persons. As the petition is signed by 45 who possess both qualifications, it bears sufficient signatures to give the court jurisdiction.

The township, however, makes the further argument that the percentage must be based upon the total number of taxable inhabitants residing within the whole 3rd Ward of Spring Garden Township, for the reason that this ward comprises but one election district; that since the Act of 1923, § 4, provides that the question of annexation shall be submitted to the voters of the part of the township seeking annexation by printing upon the ballot to be used at such election the question on annexation, this ballot is the official ballot for the entire voting district, and, hence, voting on the question of annexation cannot be restricted to those voters who reside within the part seeking annexation; that since all the voters in the 3rd Ward will have the opportunity to vote on the question of annexation, the percentage necessary to initiate the proceedings must be based upon the total number of taxable inhabitants resident in the entire ward.

This argument, although it brings up a practical difficulty which is not provided against in the act, may be answered by quoting the first clause of the second paragraph of section 1 of the Act of 1923, which fixes the number

of petitioners at twenty-five per centum of the taxable inhabitants "who shall be freeholders of the territory desiring annexation." The whole ward does not desire annexation, but only a part; hence, this argument falls.

And now, to wit, Aug. 22, 1927, the amendment presented Aug. 17, 1927, is allowed, and the motion to revoke the order made Aug. 1, 1927, is overruled.

From Richard E. Cochran, York, Pa.